UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| **THOMAS V. QUINNIN**, | Case No. 1:12-cv-01133-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **CAROLYN W. COLVIN**, Acting Commissioner of Social Security, | |
| Defendant. | |

James S. Coon, Swanson, Thomas, Coon & Newton, 820 SW Second Avenue, Suite 200, Portland, OR 97204. Attorney for Plaintiff.

S. Amanda Marshall, United States Attorney, and Adrian L. Brown, Assistant United States Attorney, United States Attorney's Office, District of Oregon, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204-2902; David Morado, Regional Chief Counsel, Region X, and Christopher J. Brackett, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104-7075.  Attorneys for Defendant.

**Michael H. Simon, District Judge**.

Thomas V. Quinnin seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for Disability Insurance Benefits ("DIB"). After Plaintiff filed his opening brief (Dkt. 12), the Commissioner moved for an order remanding for further administrative proceedings. Dkt. 15. Plaintiff replied, arguing that the case should be remanded for a finding of disability and the payment of benefits. Dkt. 16. For the reasons stated below, the Commissioner's motion for remand (Dkt. 15) is GRANTED, the Commissioner's decision finding no disability is REVERSED, and the case is remanded for a finding of disability and the payment of benefits.

## BACKGROUND

### A. The Application

Mr. Quinnin protectively filed an application for DIB on April 26, 2007, alleging disability beginning on April 16, 1998. Tr. 58, 177-79. He alleges disability due to left knee and ankle problems, torn right rotator cuff, cracked ribs, amputation of four digits on his left hand, diverticulitis, and bowel resection. Tr. 202. The Commissioner denied his application initially and upon reconsideration; thereafter, he requested a hearing before an Administrative Law Judge ("ALJ"). Tr. 125-26, 133-35. After an administrative hearing, held on November 19, 2009, the ALJ found Mr. Quinnin not disabled. Tr. 58-65, 80-124. The Appeals Council denied Mr. Quinnin's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. 1-6. Mr. Quinnin seeks judicial review of that decision.

### B. The Sequential Analysis

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C.

Page 2 – OPINION AND ORDER

§ 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.,* 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. § 404.1520 (DIB); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. § 404.1520(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. § 404.1510. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a); 416.921(a). Unless expected to result in death, this impairment must have lasted or be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509; 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e); 404.1545(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

Page 3 – OPINION AND ORDER

    4.    Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

    5.    Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. §§ 404.1520(a)(4)(v); 404.1560(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari,* 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140-41. The Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; see also 20 C.F.R. § 404.1566 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

## C. The ALJ's Decision

The ALJ performed the sequential analysis in his December 14, 2009 decision. Tr. 58-65. At step one, the ALJ found that Mr. Quinnin did not engage in substantial gainful activity from his alleged onset date, April 16, 1998, through his date last insured, June 30, 2008. Tr. 60. At step two, the ALJ concluded that Mr. Quinnin's diabetes mellitus, left knee pain, left ankle pain,

right shoulder pain, status post four finger amputation of the left non-dominant hand, and status post bowel resection were severe impairments. *Id.* At step three, the ALJ ruled that Mr. Quinnin did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in the regulations. Tr. 60-61.

The ALJ next assessed Mr. Quinnin's residual functional capacity ("RFC"). The ALJ found that Mr. Quinnin retained the capacity to perform less than a full range of light work as follows:

> lifting/carrying 20 pounds occasionally, lifting/carrying 10 pounds frequently, standing/walking up to 4 hours in an 8 hour day in 45 minute increments, sitting 6 hours in an 8 hour day, never climbing ladders/ropes/scaffolds, avoiding unprotected heights, never reaching overhead with the right upper extremity, and only occasionally fingering with the non-dominant left hand.

Tr. 61. At step four, the ALJ determined that Mr. Quinnin's RFC rendered him unable to perform his past relevant work. Tr. 64. At step five, based on the testimony of a vocational expert ("VE"), the ALJ concluded that Mr. Quinnin could perform jobs that exist in significant numbers in the national economy. Tr. 64-65. Thus, the ALJ found Mr. Quinnin not disabled. Tr. 65.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th

Page 5 – OPINION AND ORDER

Cir. 1982). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this court may not substitute its judgment for that of the Commissioner. *Burch v. Barnhart,* 400 F.3d 676, 679 (9th Cir. 2005). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Orn,* 495 F.3d at 630; *see also Bray,* 554 F.3d at 1226-26 (citing *SEC v. Chenery Corp.,* 332 U.S. 194, 196 (1947)).

## DISCUSSION

Mr. Quinnin argues that the ALJ erred by: (1) improperly rejecting his subjective symptom testimony; (2) improperly rejecting lay witness testimony; and (3) failing to notify him that a medical expert would be testifying at the hearing by telephone. The Commissioner concedes each of these errors. Dkt. 15 at 5. As such, the only issue remaining is whether to remand the case for further proceedings or the payment of benefits.

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000), *cert. denied*, 531 U.S. 1038 (2000). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Strauss v. Comm'r*, 635 F.3d 1135, 1138-39 (9th Cir. 2011) (quoting *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir 2004)). The

court may not award benefits punitively and must conduct a "credit-as-true" analysis to determine if a claimant is disabled under the Act. *Id* at 1138.

Under the "credit-as-true" doctrine, evidence should be credited and an immediate award of benefits directed where: (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Id.* The "credit-as-true" doctrine is not a mandatory rule in the Ninth Circuit, but it leaves the court flexibility in determining whether to enter an award of benefits upon reversing the Commissioner's decision. *Connett v. Barnhart*, 340 F.3d 871 876 (9th Cir. 2003) (citing *Bunnell*, 947 F.2d at 348 (*en banc*)). The reviewing court should decline to credit testimony when "outstanding issues" remain. *Luna v. Astrue*, 623 F.3d 1032, 1035 (9th Cir. 2010).

In September 1998, Mr. Quinnin underwent a sigmoid colectomy, which is the surgical removal of the sigmoid colon. Tr. 327, 330. As a result, Mr. Quinnin must frequently use the restroom for an extended period of time, particularly after eating, resulting in the need to take up to three 30 to 60 minute breaks per day. Tr. 120. Mr. Quinnin's wife, Carrie Quinnin, corroborated his testimony. *See* Tr. 111 (noting he spends between 30 to 45 minutes in the restroom up to three times per day). Additionally, Mr. Quinnin testified that his left knee and ankle swells approximately once per month, which leaves him unable to walk for three or four days. Tr. 100-101; *see also* Tr. 314-321 (noting a waxing and waning of similar symptoms over a period of several years).

The VE testified that an employee is typically allotted two fifteen-minute breaks and one thirty-minute lunch break in an eight-hour workday. Tr. 118. The VE also testified that a person

Page 7 – OPINION AND ORDER

who takes "excessive breaks, other than merely to use the restroom once in a while [or to] take your normal breaks" would be unemployable. Tr. 119. Further, according to the VE, missing work more than once per month will place an employee at risk of termination. Tr. 118.

As the Commissioner concedes, the ALJ erred in his consideration of Mr. Quinnin's and the lay witness's testimony.[1] The Commissioner argues, however, that there are still outstanding issues left to be resolved at the administrative level. In particular, the Commissioner argues that the ALJ's error results from his "articulation" of the evidence, and a remand is warranted to allow the ALJ to take further testimony from Mr. Quinnin, the lay witness, and the VE. Dkt. 15 at 5-7.

The Commissioner argues that the ALJ, on remand, must elicit further testimony from Mr. Quinnin about his daily activities, assess Ms. Quinnin's lay witness testimony, and take additional testimony from the VE. Dkt. 15 at 5-7. The ALJ, however, has already had the opportunity to elicit testimony from Mr. Quinnin and to evaluate Ms. Quinnin's lay testimony, which the ALJ simply failed to address. In effect, the Commissioner asks the Court to remand so the ALJ can have a second chance to evaluate the erroneously discounted evidence. *See, e.g., Benecke*, 379 F.3d at 595 ("Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication.") (quotations and citation omitted). Further, Mr. Quinnin's eligibility for disability benefits turns solely on the credibility of his testimony and his wife's testimony. *See Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004) (noting "[i]n the usual benefits eligibility case, the claimant's

---

[1] Both parties agree that the proper remedy for the ALJ's failure to notify Mr. Quinnin of the medical expert's telephonic testimony would be a remand for further proceedings if that were the only error. Dkt. 15 at 5 n.1; Dkt. 12 at 14.

Page 8 – OPINION AND ORDER

subjective testimony is not the only [remaining] issue"). As such, no further issues must be resolved before a disability determination can be made.

A court should remand for the payment of benefits where it is clear that if the erroneously discounted evidence is credited as true, the claimant would be entitled to benefits. *See Benecke*, 379 F.3d at 593. The Commissioner argues that despite the VE's testimony, Ms. Quinnin's testimony does not establish disability because "she did not indicate that he had frequent [bowel] movements each day." Dkt. 15 at 7. Mr. Quinnin and Ms. Quinnin, however, both testified that Mr. Quinnin needs to take bathroom breaks up to three times per day. *See* Tr. 111, 120. This testimony, credited as true, falls squarely within the types of excessive breaks that the VE testified would render a claimant unemployable. *See* Tr. 118-19. Although the VE indicated that an employee could "use the restroom once in a while" without problem, Mr. Quinnin's and Ms. Quinnin's testimony, credited as true, establishes that Mr. Quinnin must take daily breaks in excess of the typical *de minimis* allowance. *See id.* Additionally, Mr. Quinnin's knee problems leave him unable to walk up to three or four days per month, which exceeds the generally permissible number of absences for sustainable employment. *See* Tr. 118. In both instances, the Court concludes that the erroneously omitted testimony establishes Mr. Quinnin's disability; thus, the correct resolution is to remand this case for the payment of benefits. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1041 (9th Cir. 2007) ("Further proceedings are unnecessary because the ALJ did not provide a legally sufficient basis for rejecting [the claimant's] testimony, which *alone* establishes that he is entitled to benefits.").

## CONCLUSION

The Commissioner's decision that Mr. Quinnin is not disabled is not based on substantial evidence; the Commissioner's motion for remand (Dkt. 15) is GRANTED, the Commissioner's

decision finding no disability is REVERSED, and the case is remanded for a finding of disability and the payment of benefits.

DATED this 1st day of July, 2013.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge