# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **THOMAS V. QUINNIN**, | Case No. 1:12-cv-01133-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **CAROLYN W. COLVIN**, Acting Commissioner of Social Security, | |
| Defendant. | |

On July 1, 2013, this Court reversed the denial of Plaintiff's application for social security disability benefits and remanded for a finding of disability and the payment of benefits. On August 15, 2013, the Court granted Plaintiff's unopposed motion for fees under the Equal Access to Justice Act ("EAJA") in the amount of $1,731.56.

Plaintiff's counsel now moves for attorney's fees of $14,500 pursuant to 42 U.S.C. § 406(b). Dkt. 21. This figure represents 22 percent of Plaintiff's retroactive benefits. Plaintiff's counsel requests an additional payment from Plaintiff of $12,968.44, which represents the requested $14,500 less the EAJA fee of $1,731.56 already received. Although defendant does not object to the proposed award, this court must perform an independent review to ensure that the

award is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). For the following reasons, plaintiff's counsel's motion for fees is granted in part.

## STANDARDS

Under 42 U.S.C. § 406(b), a court entering judgment in favor of a social security disability insurance claimant who was represented by an attorney "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009). Counsel requesting the fee bears the burden to establish the reasonableness of the requested fee. *Gisbrecht*, 535 U.S. at 807. The attorney's fee award is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment. *Gisbrecht*, 535 U.S. at 802.

A court reviewing a request for attorney's fees under § 406(b) "must respect 'the primacy of lawful attorney-client fee agreements,' 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (*quoting Gisbrecht*, 535 U.S. at 793, 808). Routine approval of fees pursuant to a contingency fee agreement calling for the statutory maximum is, however, disfavored. *See Fintics v. Colvin*, 2013 WL 5524691, at *2 (D. Or. Oct. 2, 2013). Contingent fee agreements that fail to "yield reasonable results in particular cases" may be rejected. *Gisbrecht*, 535 U.S. at 807. There is no definitive list of factors for determining the reasonableness of the requested attorney's fees, but courts may consider the character of the representation, the results achieved, whether there was delay attributable to the attorney seeking the fee, and whether the fee is in proportion to the time spent on the case (to avoid a windfall to attorneys). *See Id*. at 808; *Crawford*, 586 F.3d at 1151-52. Although the Supreme Court has instructed against using the lodestar method to calculate fees, a court may "consider the lodestar calculation, but *only as an aid* in assessing the reasonableness of the fee." *Crawford*, 586 F.3d at

1148; *see also Gisbrecht*, 535 U.S. at 808 (noting that courts may consider counsel's record of hours spent representing claimant and counsel's normal hourly billing rate for non-contingency work as an aid in considering reasonableness of requested fees).

## DISCUSSION

As prescribed by *Gisbrecht* and *Crawford*, the Court begins its analysis by reviewing the contingency fee agreement executed by Plaintiff and his counsel. Dkt. 22-2. Plaintiff agreed to pay attorney's fees not to exceed 25 percent of the back benefits awarded. Here, Plaintiff was awarded approximately $67,000 in back benefits, so the requested fee award of approximately 22 percent is within the statutory maximum. The Court next considers the appropriate factors to determine whether a downward adjustment is necessary in this case.

Plaintiff's counsel is from a reputable and experienced law firm and there were neither issues with the character of the representation nor any delay caused by counsel; the Court thus finds no basis for a downward adjustment on these factors. Plaintiff's counsel also obtained a favorable result; a remand for benefits. The Court notes, however, that a downward adjustment may be appropriate because Defendant conceded all assignments of error and the only disputed issue before this Court was whether to remand for further proceedings or remand for an award of benefits. *See Stokes v. Comm'r of Social Sec. Admin.*, 432 Fed. Appx. 672, 674 (9th Cir. 2011) (unpublished) (finding no error in the district court's reduction of a fee award where the proceedings were largely uncontested and the case was "relatively simple"). The Court further notes that the issues in this case were not particularly complex or unusual, which also may support a downward adjustment. *See Crawford*, 586 F.3d at 1153 (instructing the district court to "look at the complexity and risk involved in the specific case at issue to determine how much risk the firm assumed in taking the case" in assessing the reasonableness of the requested fees). Plaintiff's counsel makes general arguments regarding the risks of Social Security cases, but fails

to meet its burden of making a showing of the specific risks or complexities of this case. *See Rundell-Princehouse v. Astrue*, 2012 WL 7188852, at *5 (D. Or. Aug. 21, 2012) (reducing the 22% requested fee award because counsel had "not met his burden of addressing the specific risks presented in this particular case in light of the Supreme Court's decision in *Gisbrecht* and the Ninth Circuit's opinion in *Crawford*" and that counsel had "simply neglected to explain with any specificity why the requested fee was reasonable given the facts in this case").

The Court also finds a basis for a downward adjustment in considering whether the fees requested are in proportion to the time spent. The Court considers the hours spent and a lodestar calculation to aid in this determination. *See Gisbrecht*, 535 U.S. at 808; *Crawford*, 586 F.3d at 1148. In performing this type of review, courts typically consider counsel's non-contingent hourly rate, factoring in a multiplier to take into account the risk factor of a contingency case. *See, e.g., Ellick v. Barnhart*, 445 F.Supp.2d 1166, 1172-73 (C.D. Cal. 2006) (2.5 multiplier); *Ogle v. Barnhart,* 92 Soc.Sec.Rep.Serv. 938, 2003 WL 22956419 *5-6 (D. Maine 2003) (same).

In this case, counsel spent 1.5 hours of attorney time and 13.2 hours of paralegal time on this case, for a total of 14.7 hours. Twenty to forty hours is a "reasonable amount of time to spend on a social security case that does not present particular difficulty." *Harden v. Comm'r*, 497 F. Supp. 2d 1214, 1215 (D. Or. 2007) (noting "some consensus among the district courts" on this point; citing cases). Thus, the time spent on this case was significantly lower than average, which comports with the simplicity and largely uncontested status of the case. Additionally, the time spent on this case by an attorney, compared with paralegal time, is approximately 8 percent. This is lower than usual and should be taken into account in assessing the reasonableness of the fees using the lodestar check. *See, e.g., Rodenas v. Colvin*, 2013 WL 1855837, at *4 (C.D. Cal. Apr. 30, 2013) (noting that 15 percent attorney hours are lower than usual and that fact should be

taken into account in assessing reasonableness, where majority of work was performed by law clerks).

Because counsel rarely does legal work other than on a contingency fee basis, counsel does not have a normal hourly billing rate, so instead cites to the most recent Oregon State Bar Economic Survey average hourly rate for attorneys in "other" areas of private practice: $308. Counsel offers no rate information for paralegals, arguing that paralegal time should be accounted-for the same as attorney time. Counsel cites to no case law equating paralegal time with attorney time when reviewing specific hours and hourly rates in performing a lodestar check on reasonableness.[1] Further, the Court could not find a comparable case decided by a court within the Ninth Circuit where paralegal time exceeded attorney time, yet alone at the ratio with which paralegal time exceeded attorney time in this case. Because both the total attorney time and the percentage of attorney time in this case is particularly low, but to still give credit to the paralegal hours in the lodestar calculation check on reasonableness, the Court follows *Rodenas* and other courts in assessing paralegal billable rates at approximately half of attorney rates. *See Rodenas*, 2013 WL 1855837, at *4 (attorney rate twice paralegal rate); *Jimenez v. Astrue*, 2008 WL 2684619, at *2 (C.D. Cal. July 8, 2008) (attorney rate 2.25 times paralegal rate). Under this methodology, the *de facto* requested billable hourly rate is $1,790 for attorney time and $895 for paralegal time. Fee awards of up to a *de facto* hourly rate of $1,000, although on the high side, have been approved in this district. *See, e.g., Ali v. Comm'r*, 2013 WL 3819867 (D. Or. July 21, 2013) (approving a *de facto* hourly rate of $1,000). Thus, the Court finds that a *de facto* hourly rate of $1,000 for attorney time and $500 for paralegal time, resulting in fees of $8,100, is a helpful guide in assessing a reasonable fee award in this case.

---

[1] Counsel cites to cases generally including paralegal time when considering overall reasonableness, none of which performed a lodestar check on reasonableness.

Given the lack of complexity of this case, the fact that the proceedings before the Court were largely uncontested, the low number of hours total hours billed, the unusually low number of hours billed by an attorney, and in consideration of the results of the lodestar calculation done in aid of assessing reasonableness, the Court finds that counsel for Plaintiff has not met its burden of showing that the requested fee award is reasonable. *See, e.g., Fintics*, 2013 WL 5524691, at *4-5 (finding requested fee of $15,814 on $63,256 recovery where 17.2 hours of attorney time were expended to be an unreasonable windfall; reducing the fee to $10,753.52, 17 percent of recovery); *Atwood v. Comm'r*, 2011 WL 6372790, at *3 (D. Or. Dec. 19, 2011) (finding requested fee of $35,651.22 on $162,051.00 recovery where 24.75 hours of attorney time and 13.7 hours of paralegal time were spent to be an unreasonable windfall; reducing the award to $27,548.67, 17 percent of recovery). The Court is particularly cognizant of the lack of complexity in this case and the fact that the only contested issue in the case was whether to remand for benefits or remand for further proceedings. Considering all of the relevant factors and policy considerations, the Court concludes that a reasonable fee award in this case is $10,050, approximately 15 percent of the back benefits amount. This is a *de facto* hourly rate for attorney time of $1,240 and paralegal time of $620.[2]

## CONCLUSION

Plaintiff's counsel's motion for attorney fees pursuant to 42 U.S.C. § 406(b) (Dkt. 21) is GRANTED IN PART. Plaintiff's counsel is entitled to $10,050 in § 406(b) fees, representing approximately 15 percent of Plaintiff's retroactive benefits recovery. After subtracting the

---

[2] If the Court were to account equally for paralegal and attorney time, as urged by Plaintiff's counsel, that would result in a *de facto* hourly rate of $683.67, which is nearly 2.25 times the $308 hourly rate and adequately compensates for the risk and complexity of this particular case. The Court, however, rejects counting attorney time and paralegal time equally in this case.

$1,731.56 EAJA fee award previously granted to counsel, the additional fee award is $8,318.44.

The Commissioner shall pay fees in that amount to Plaintiff's counsel out of the sum withheld by

the Commissioner from Plaintiff's benefits and shall pay to Plaintiff the remaining amounts.

**IT IS SO ORDERED.**

DATED this 28th day of October, 2013.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge